```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

Roger Perkins

    v.                                            Civil No. 16-cv-288-LM
                                                            Opinion No. 2016 DNH 210

United States of America

## **O R D E R**

Roger Perkins, proceeding pro se, seeks habeas corpus relief, pursuant to 28 U.S.C. § 2255, from his sentence for conspiracy to possess with intent to distribute a controlled substance, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime.  See United States v. Perkins, 14-cr-104-LM (D.N.H. Nov. 3, 2015).  Perkins alleges that his sentence was improperly enhanced under a provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924.  He argues that under Johnson v. United States, --- U.S. ---, 135 S. Ct. 2551 (2015), his sentence is invalid.  Perkins also raises two separate ineffective assistance of counsel claims.

### **Standard of Review**

A prisoner in custody under a sentence of a federal district court may seek release "on the ground that the sentence was imposed in violation of the Constitution or the laws of the

United States." § 2255(a). Sworn allegations in the petition are taken as true "unless those allegations are merely conclusory, contradicted by the record, or inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (internal quotation marks omitted).

**Background**

In United States v. Perkins, 14-cr-104-LM ("Criminal Case"), Perkins pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii) (Count I), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count II), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count III). The court sentenced Perkins to imprisonment for a term of 87 months on Counts I and II to be served concurrently, and 60 months on Count III to be served consecutively, for a total of 147 months. See doc. no. 68 at 2.

The court grouped Counts I and II for the purposes of sentencing. The court determined Perkins's base offense level for Count I to be 24 pursuant to U.S.S.G. § 2D1.1(c)(8). The calculation was based upon the marijuana equivalent of 219.138 kilograms of controlled substances attributed to the defendant.

2

The court next determined Perkins's base offense level for Count II to be 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because the defendant was convicted of a felony crime of violence before committing the instant offense.[1]  Because Counts I and II were grouped together, the court applied the highest offense level in the group.  Perkins, 14-cr-104, doc. no. 74 at 5.  Here, Count I had the higher offense level.

The court did not calculate a guideline range for Count III because pursuant to 18 U.S.C. § 924(c)(1)(A) and U.S.S.G. § 5G1.2(a), the mandatory minimum sentence of five years must run consecutive to any other sentence imposed.  Finally, Perkins received a 3-level reduction for acceptance of responsibility.

On June 27, 2016, Perkins filed a § 2255 petition setting forth three separate grounds for relief: (1) ineffective assistance of counsel for failing to invoke Johnson as it relates to Perkins's sentence under Count II; (2) denial of due process under Johnson as it relates to calculating Perkins's sentence under Count II; and (3) ineffective assistance based on counsel's alleged failure to investigate and correctly advise Perkins of his guideline range during plea negotiations (doc.

---

[1] Perkins was convicted of Second Degree Assault on September 3, 2008, in Belknap County Superior Court.  See Perkins, 14-cr-104, doc. no. 65 at ¶ 62.

no. 1).  The government objected to Perkins's petition (doc. no. 6), but did not address his third ground for relief.

On August 17, 2016, Perkins moved to add a fourth ground to his petition (doc. no. 7): ineffective assistance based on counsel's alleged failure to present a constructive possession argument.  Perkins also requested in that motion that the court appoint counsel to assist him in obtaining relief under § 2255. The government did not respond to Perkins's motion.

**Discussion**

The court first addresses Perkins's claims for relief under Johnson (Grounds One and Two), before turning to his separate ineffective-assistance claims (Grounds Three and Four).

I.  Grounds One and Two

The ACCA § 924(e)(1) imposes a minimum sentence of fifteen years "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."

> The term violent felony means any crime punishable by imprisonment for a term exceeding one year that -(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(b). In Johnson, the Supreme Court held that the "otherwise involves" clause, also known as "the 'residual clause' of the [ACCA], 18 U.S.C. § 924(e), is unconstitutionally vague and thus void." United States v. Bey, 825 F.3d 75, 82 (1st Cir. 2016). Therefore, defendants sentenced under the ACCA's residual clause may be entitled to relief from the sentence under § 2255, pursuant to Johnson. See Welch v. United States, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016).[2]

In Grounds One and Two of his petition, Perkins claims that he is entitled to relief because his sentence on Count II was enhanced under U.S.S.G. § 2K2.1(a), which defines "crime of violence" the same as the ACCA's residual clause. Perkins's argument, however, is misplaced. The record reveals that the base offense level for Count II had no effect on Perkins's sentence because it was grouped with Count I, and Count I carried a higher base offense level. Because Perkins's base offense level for Count II had no effect on his sentence, any

---

[2] It is unclear whether Johnson applies to the residual clause in U.S.S.G. § 2K2.1(a) and if it does, whether it does so retroactively to cases on collateral review. Those questions are currently before the United States Supreme Court. See Beckles v. United States, No. 15-8544. For the purposes of this order, the court assumes without deciding that Johnson is applicable to the sentencing guidelines and applies retroactively.

error in calculating it was harmless.  See United States v. Gerhard, 615 F.3d 7, 34 (1st Cir. 2010).  Johnson is therefore inapplicable to Perkins's sentence, and he is not entitled to relief on that basis.  Thus, Grounds One and Two of the petition are dismissed.

II.  Grounds Three and Four

In Grounds Three and Four of his petition, Johnson claims that his counsel was constitutionally deficient for two separate reasons: (1) failing to advise Perkins accurately about his sentencing guideline range during plea negotiations, and (2) failing to make an argument related to constructive possession of the firearms found in his Criminal Case.

When a § 2255 petition is based on ineffective assistance of counsel, the petitioner "must demonstrate both: (1) that 'counsel's performance was deficient,' meaning that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment'; and (2) 'that the deficient performance prejudiced the defense.'" United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

The court grants Perkins's motion to add Ground Four to his petition.  As the government has not addressed Grounds Three and Four of Perkins's petition, the court orders the United States

Attorney to respond to these two ineffective assistance claims on or before December 9, 2016. After the government files its answer, the court will (1) determine whether an evidentiary hearing is warranted on the remaining claims, and (2) consider Perkins's request for court-appointed counsel.

## Conclusion

For the foregoing reasons, Grounds One and Two in the petition for a writ of habeas corpus (doc. no. 1) are dismissed, Perkins's request to add Ground Four to his petition (doc. no. 7) is granted, and the United States Attorney is ordered to file an answer to the remaining claims no later than December 9, 2016. The court defers ruling on Perkins's request for court-appointed counsel at this time.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 22, 2016

cc:  Roger Perkins, pro se
     Seth R. Aframe, Esq.