```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Roger Perkins

    v.                                      Civil No. 16-cv-288-LM
                                              Opinion No. 2017 DNH 027

United States of America

## O R D E R

Roger Perkins, proceeding pro se, moves under 28 U.S.C. § 2255 for relief from his sentence for conspiracy to possess with intent to distribute a controlled substance, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. See United States v. Perkins, 14-cr-104-LM (D.N.H. Nov. 3, 2015). In a previous order (doc. no. 10), the court dismissed two of his claims. Perkins further requests that the court appoint counsel to assist him in obtaining relief.

### Standard of Review

Under § 2255, a federal prisoner may ask the court to vacate, set aside, or correct a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The burden of proof is on the petitioner. Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015) (citing David v. United States, 134 F.3d 470, 474 (1st Cir.

1998)). Once a prisoner requests relief under § 2255, the district court must grant an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007). If the district court does not hold an evidentiary hearing, the allegations set forth in the petition are taken as true "unless those allegations are merely conclusory, contradicted by the record, or inherently incredible." Owens, 483 F.3d at 57 (quoting Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002)). Because Perkins is proceeding pro se, the court construes his petition liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

On March 25, 2014, members of the Laconia Police Department searched a residence that Perkins and co-conspirator Windyann Plunkett leased together in Laconia, New Hampshire. Perkins was under investigation for drug trafficking in the Laconia area. According to the stipulated facts in the plea agreement, officers found drugs and four firearms during their search of Perkins's residence. Two firearms were located on a closet shelf in a back bedroom, and two firearms were discovered in a safe that officers seized from the same bedroom closet.

Plunkett later admitted that the firearms located in the safe belonged to Perkins.  Cr. doc. no. 47 at 6.[1]  After his arrest, in a recorded telephone call from jail, Perkins admitted that all four firearms were his.  Id. at 7.[2]

On July 21, 2015, Perkins pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii) (Count I), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count II), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count III).  Perkins entered a plea agreement for a binding term of imprisonment of 87 months on Counts I and II and 60 months on Count III, to be served consecutively, for a total of 147 months.  Id. at 9.

---

[1] "Cr. doc. no." refers to document numbers in the docket of the underlying criminal proceeding (14-cr-104-LM).  "Doc. no." refers to document numbers in the instant proceeding.

[2] According to the plea agreement, when asked at the police station "if the items located in the back bedroom were Plunkett's," Perkins reportedly "shook his head and stated 'it's all mine.'"  Cr. doc. no. 47 at 6.  Prior to changing his plea, Perkins had filed a motion to suppress this post-arrest statement.  See cr. doc. no. 19.  The court denied the motion as moot (cr. doc. no. 29 at 6 n.2) after the government agreed not to introduce that statement in its case-in-chief at trial.  See cr. doc. no. 24 at 2.

On November 2, 2015, the court sentenced Perkins. The presentence report ("PSR") grouped Counts I and II for the purposes of sentencing and applied the higher offense level (Count I).[3] Based on a total offense level of 21 and a criminal history category of III, Perkins's guideline sentencing range for the grouped counts was 46-57 months. Cr. doc. no. 62 at 24. Count I, however, carried a mandatory minimum sentence of five years, so Perkins's guideline term of imprisonment for the grouped counts was 60 months. Id. The PSR did not calculate a guideline range for Count III because, pursuant to 18 U.S.C. § 924(c)(1)(A) and U.S.S.G. § 5G1.2(a), the statutory minimum sentence of five years on Count III ran consecutive to any other sentence imposed. Therefore, Perkins's total guideline sentence was 120 months: 60 months on Counts I and II and a consecutive 60-month sentence on Count III. Cr. doc. no. 74 at 5.

However, Perkins had agreed to a stipulated sentence of 147 months imprisonment: 87 months on Counts I and II and 60 months on Count III. At the sentencing hearing, Perkins's trial counsel explained that he negotiated a sentence of 87 months on Counts I and II because Perkins had a prior state felony drug

---

[3] Perkins's adjusted offense level for Count I was 24, and his adjusted offense level for Count II was 22. Cr. doc. no. 62 at 8-9. The court applied the higher offense level and then subtracted three levels for acceptance of responsibility, which yielded a total offense level of 21. Id. at 9.

4

conviction.  See id. at 6.  If the government had properly established Perkins's prior felony drug conviction, pursuant to 21 U.S.C. § 851, the mandatory minimum sentence on Count I would have increased from 60 months to 120 months.  See 21 U.S.C. § 841(b)(1)(B).  This would have increased Perkins's total mandatory minimum sentence to 180 months.  Thus, Perkins agreed to an above-guideline sentence of 147 months to prevent the government from filing a § 851 enhancement.  The court granted the parties' joint motion for an upward variance and sentenced Perkins to 147 months, in accordance with the plea agreement.

On June 27, 2016, Perkins filed a § 2255 petition setting forth three grounds for relief.  Doc. no. 1.  Perkins later moved for leave to add a fourth ground to his petition (doc. no. 7), which the court granted.  The court subsequently dismissed two of the claims.  Doc. no. 10.  Perkins's remaining claims are: (1) ineffective assistance based on counsel's failure to correctly advise Perkins of his guideline sentencing range during plea negotiations, and (2) ineffective assistance based on counsel's failure to inform Perkins of the elements of constructive possession of a firearm.  Perkins also requests that the court appoint counsel to assist him in obtaining relief under § 2255.  Doc. no. 7.  On November 22, 2016, the court ordered the United States Attorney to file an answer to

Perkins's two remaining claims.  Doc. no. 10.  On December 20, 2016, the government filed its response.  Doc. no. 11.[4]

## Discussion

Perkins's remaining grounds for relief both raise ineffective-assistance-of-counsel claims.  When a § 2255 petition is based on ineffective assistance of counsel, the petitioner "must demonstrate both: (1) that 'counsel's performance was deficient,' meaning that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment'; and (2) 'that the deficient performance prejudiced the defense.'"  United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)); see also Hill v. Lockhart, 474 U.S. 52, 58 (1985) ("[T]he two-part

---

[4] Perkins objects to the government's supplemental response, arguing that the government (1) waived any objection to the first ineffective-assistance claim by failing to object in its initial response (doc. no. 6), and (2) filed its response after the December 9, 2016 deadline set by the court, without requesting an extension.  See doc. nos. 12 & 13.  First, the court finds no waiver based on the government's failure to address Perkins's claim in its initial response.  Second, Perkins has not alleged that he suffered prejudice as a result of the late filing.  The court considers the government's supplemental response in the interest of justice.  Cf. LR 1.3(b) ("The court may excuse a failure to comply with any local rule whenever justice so requires.").

Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel.").

Under the deficiency prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). Under the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Failure to satisfy either the deficiency or prejudice prong defeats an ineffective-assistance-of-counsel claim. Id. at 700.

I. Incorrectly Estimating the Guideline Sentencing Range

Perkins claims that his trial counsel was ineffective for incorrectly estimating his guideline sentencing range and advising him to accept a plea agreement that was above the guideline range. According to Perkins, his trial counsel mistakenly informed him that his total offense level for Count II, after a three-level decrease for acceptance of

responsibility, was 25, giving him a guideline sentencing range of 70-87 months. Perkins alleges that trial counsel advised him to sign a binding plea agreement for the high end of that range—87 months—plus 60 months consecutive on Count III, for a total sentence of 147 months imprisonment.

In support of his claim, Perkins points to his initial PSR, which calculated his guideline range for grouped Counts I and II as 70-87 months. Cr. doc. no. 57 at 24. Probation subsequently revised the PSR and recalculated the guideline sentence for the grouped counts as 60 months. Cr. doc. no. 62 at 24. Perkins asserts that he only agreed to serve 87 months on those counts because counsel incorrectly estimated his guideline range. Perkins states that he would never have entered a plea agreement for a sentence above the guideline range.

Perkins's claim fails for two reasons. First, when trial counsel negotiated the plea agreement, Perkins's guideline range had not been calculated, as the PSR was drafted <u>after</u> Perkins pled guilty. In fact, Perkins's plea agreement included the following language:

> The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

8

Cr. doc. no. 47 at 9. Thus, Perkins was aware that trial counsel's sentencing-range estimate was only a non-binding prediction. Courts have made clear that inaccurately predicting a defendant's guideline range cannot serve as the basis for an ineffective-assistance-of-counsel claim. See Santana-Zapata v. United States, No. 15-cv-016-LM, 2015 WL 6875118, at *4 (D.N.H. Oct. 28, 2015) ("It is well-established in the First Circuit that an inaccurate prediction about sentencing will generally not alone be sufficient to sustain a claim of ineffective assistance of counsel." (internal quotation marks and citations omitted)); Knight v. United States, 37 F.3d 769, 775 (1st Cir. 1994); see also United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999) ("[A]n attorney's mere inaccurate prediction of a sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim." (internal quotation marks omitted)); United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."); United States v. Turner, 881 F.2d 684, 687 (9th Cir. 1989) (inaccurate prediction of guideline range does not constitute ineffective assistance); United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989) (same); United States v.

Brent, No. 3:05-CR-0120-P(1), 2011 WL 2633781, at *3 n.3 (N.D. Tex. July 5, 2011) ("Courts have long recognized that estimating a guideline range is not an exact science and that defense counsel is not deficient for making a prediction that turns out to be different from the sentence recommended by Probation."). Therefore, accepting as true Perkins's allegation that trial counsel incorrectly estimated his guideline range as 70-87 months, such an inaccurate prediction does not constitute deficient performance.

Moreover, the record shows that counsel acted strategically in negotiating the plea agreement. Trial counsel explained to the court at the sentencing hearing, with Perkins present, that the 87-month sentence for the grouped counts was a negotiated compromise between the 60-month mandatory minimum sentence Perkins then faced on Count I, and the heightened mandatory minimum sentence that would have applied if the government established Perkins's prior felony drug offense under 21 U.S.C. § 851. Perkins's trial counsel negotiated the plea agreement to preclude the government from filing a § 851 enhancement, which would have resulted in a 120-month mandatory minimum sentence on Count I. The parties agreed that 87 months on the grouped counts was appropriate. Although the stipulated sentence on the grouped counts was 27 months greater than Perkins's guideline

range, trial counsel's strategic decision to advise Perkins to accept the agreement was a reasonable exercise of his professional judgment. See Strickland, 466 U.S. at 689-90; Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) ("Under the first prong of Strickland, there is a strong presumption that counsel's strategy and tactics fall within the range of reasonable professional assistance, and courts should avoid second-guessing counsel's performance with the use of hindsight." (internal quotation marks omitted)).

For these reasons, Perkins's allegations, taken as true, do not satisfy the first prong of the ineffective-assistance test. Accordingly, Perkins is not entitled to relief on this ineffective-assistance claim.

II. Failure to Inform Perkins of Constructive-Possession Elements

In his final claim, Perkins asserts that trial counsel was ineffective for failing to inform him that constructive possession of a firearm requires both the power and intent to exercise control over the firearm. Construing his claim liberally, Perkins suggests that counsel never explained to him what the government would need to prove at trial to establish that he had constructive possession of the four firearms in this case. The court accepts Perkins's allegation as true for purposes of this motion.

11

Counts II and III charged Perkins with possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(c)(1)(A), respectively.  To satisfy the possession requirements of § 922(g)(1) and § 924(c)(1), the government may prove either actual or constructive possession of the firearm.  See United States v. Guzmán-Montañez, 756 F.3d 1, 8 (1st Cir. 2014); United States v. Rodriguez-Lozada, 558 F.3d 29, 41 (1st Cir. 2009).  "Actual possession is . . . immediate, hands-on physical possession."  Guzmán-Montañez, 756 F.3d at 8 (citation omitted).  "Constructive possession can be established by proving that the person has the power and intention of exercising dominion and control over the firearm."  Id. (citation omitted); see also Henderson v. United States, --- U.S. ---, 135 S. Ct. 1780, 1784 (2015).

> Constructive possession may be sole or joint and does not require actual ownership of the firearm.  However, a person must have actual knowledge of the weapon in order to have constructive possession of it.  Establishing a person's culpable knowledge, like specific intent, often depends on circumstantial evidence alone.  For constructive possession of a firearm in particular, the requisite knowledge and intention can be inferred from circumstances such as a defendant's control over the area where the contraband is found (e.g., defendant's home or automobile).  Knowledge must be fairly inferrable from the circumstances, however, and mere presence with or proximity to weapons, or association with another who possesses a weapon, is not enough.  The record must contain evidence of some action, some word, or some

> conduct that links the individual to the firearm and
> indicates that he had some stake in it, some power
> over it.

United States v. Ridolfi, 768 F.3d 57, 62 (1st Cir. 2014) (internal quotation marks, citations, and alteration omitted).

Perkins contends that trial counsel was ineffective for failing to inform him of the elements of constructive possession of a firearm. As discussed above, to show ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In the guilty plea context, to satisfy the prejudice requirement the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see also Moreno-Espada v. United States, 666 F.3d 60, 66 (1st Cir. 2012) (petitioner failed to demonstrate prejudice because he did not establish that but for counsel's conduct, he "would have foregone a guilty plea and run the gauntlet of trial.") "[S]elf-serving statements unaccompanied by either a claim of innocence or the articulation of any plausible defense that could have been raised had a defendant opted for a trial, are insufficient to demonstrate the

13

required prejudice under Strickland." Moreno-Espada, 666 F.3d at 66-67 (internal quotation marks and alterations omitted).

Here, the court need not address whether trial counsel's conduct was constitutionally deficient, because Perkins has failed to show a reasonable probability that he would not have pleaded guilty if counsel had informed him of the law of constructive possession. In fact, Perkins does not even allege that, if counsel had informed him of the elements of constructive possession of a firearm, he would have pleaded not guilty and insisted on going to trial. See Hill, 474 U.S. at 60. Moreover, any constructive-possession argument or defense likely would not have succeeded at trial. See id. at 59 ("[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."). Perkins acknowledged in a recorded telephone call that all four firearms found during the search were his, and Plunkett admitted that the two firearms found in the safe belonged to Perkins. Thus, the record clearly links Perkins to the firearms and indicates that he had actual

knowledge of them.[5]  Additionally, the evidence is sufficient for a jury to infer that Perkins had the power and intent to exercise control over the firearms.  Therefore, any argument that Perkins did not have constructive possession of the firearms had no reasonable chance of success.  As such, it is implausible for the court to conclude that Perkins would have insisted on going to trial based on a meritless legal argument.

For these reasons, Perkins's claim fails to satisfy the prejudice prong of the test for ineffective assistance of counsel.  Accordingly, Perkins is not entitled to relief on his final ineffective-assistance claim.

III. Evidentiary Hearing

A petitioner who files a § 2255 motion "is not entitled to an evidentiary hearing as a matter of right." David, 134 F.3d at 477 (citing United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)).  An evidentiary hearing is not warranted where (1) the motion is facially inadequate; (2) the movant's allegations, even if true, do not entitle him to relief; or (3) the movant's allegations "state conclusions instead of facts, contradict the record, or are inherently incredible." Id. (internal quotation marks omitted).  "[T]he petitioner bears the burden of

---

[5] In assessing the record, the court does not consider Perkins's post-arrest statement that the government conceded it would not use at trial.

establishing the need for an evidentiary hearing." DeCologero v. United States, 802 F.3d 155, 167 (1st Cir. 2015) (quoting McGill, 11 F.3d at 225).

Perkins does not request an evidentiary hearing, and the record and pleadings in this case enable the court to decide his motion without a hearing. In deciding this motion, the court has accepted Perkins's allegations as true, to the extent not contradicted by the record. As set forth above, Perkins's allegations and the record in this case show that he is not entitled to relief on either remaining ineffective-assistance claim. Thus, an evidentiary hearing is not warranted in this case.

IV.  Court-Appointed Counsel

Perkins requests that the court appoint counsel to assist him in obtaining relief under § 2255. Although Perkins has no constitutional right to counsel in § 2255 proceedings, the court may appoint counsel to a financially eligible person seeking relief under § 2255 if the interests of justice so require. See 18 U.S.C. § 3006A(a)(2)(B). The First Circuit has indicated that appointment of counsel is warranted where (1) the petitioner has shown a fair likelihood of success on his constitutional claim, (2) the claim is factually complex and legally intricate, and (3) the facts are largely undeveloped and

16

appellant is severely hampered in his ability to investigate them.  See United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993).

Those factors are not present here.  First, Perkins's allegations show that he cannot succeed on either ineffective-assistance claim.  Second, his petition does not raise complex factual issues.  Finally, Perkins's claims do not depend on "largely undeveloped" facts, id. at 1064, nor do they warrant an evidentiary hearing.  See Bucci v. United States, 662 F.3d 18, 34 (1st Cir. 2011) ("Although petitioners have no constitutional right to counsel in § 2255 proceedings, Rule 8(c) of the Rules Governing Section 2255 Proceedings requires the appointment of counsel if an evidentiary hearing is required." (internal citation omitted)).  Therefore, the interests of justice do not warrant the appointment of counsel in this case.

## Conclusion

For the foregoing reasons, Perkins's petition for relief under 28 U.S.C. § 2255 (doc. no. 1) and request for court-appointed counsel (doc. no. 7) are denied.  Because Perkins has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules

Governing Section 2255 Proceedings. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 14, 2017

cc: Roger Perkins, pro se
    Seth R. Aframe, Esq.